UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SEAN MILLER, :
:
      Petitioner : No. 4:CV-10-0647
:
  vs. : (Complaint Filed 03/25/10)
:
PENNSYLVANIA BOARD OF :
PROBATION AND PAROLE, et al., : (Judge Muir)
:
      Respondents :

**MEMORANDUM AND ORDER**

July 12, 2010

Sean Miller, an inmate confined at the State Correctional Institution, Frackville ("SCI-Frackville"), Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Miller challenges a decision by the Pennsylvania Board of Probation and Parole ("the Board") to recalculate his parole maximum date, and deny him credit for the time he spent in pre-sentence confinement on new criminal charges. The petition is ripe for disposition. For the reasons that follow, the petition will be denied.

**Background**

On September 9, 2002, Miller was sentenced to a term

of 1 year, 6 months to 5 years imprisonment for committing the crime of Possession with Intent to Deliver a Controlled Substance. (Doc. 11, Ex. A, Att. 1, Sentence Status Summary). His original controlling minimum sentence was April 3, 2003 and his original controlling maximum sentence was October 3, 2006. Id.

On June 1, 2004, the Board granted Miller parole and Miller was released to the Allentown Community Corrections Center. (Doc. 11, Ex. A, Att. 2, Order to Release on Parole and Att. 3, Supervision History).

On January 4, 2006, while on parole, Miller was arrested in the State of New York on drug charges. (Doc. 11, Ex. A, Att. 3, Supervision History).

On June 13, 2006, Miller was convicted of the crime of Possession of a Controlled Substance in the 4th Degree and sentenced to a determinate sentence of 3½ years of incarceration with 2 years of post release supervision. (Doc. 11, Ex. A, Att 4, Amended Uniform Sentence & Commitment). Miller was then committed to the custody of the New York State Department of Correctional Services to serve his sentence. Id.

On June 27, 2008, upon the completion of his New York state sentence, Miller was returned to the Pennsylvania Department of Corrections ("DOC"). (Doc. 11, Ex. A, Att. 5, DOC Moves Report).

On July 29, 2008, the Board held a combined violation/revocation hearing for Miller at SCI-Frackville, where he was represented by counsel and the Board's Agent provided evidence of his violation of the conditions of his parole and his New York conviction while on parole. (Doc. 11, Ex. A, Att. 6, Hearing Transcript).

By Notice of Board Decision mailed September 18, 2008, the Board found the following:

> As recorded on September 12, 2008, the Board of Probation and Parole rendered the following decision in your case:
>
> Recommit to a state correctional institution as a technical parole violator to serve 6 months backtime, and as a convicted parole violator to serve 18 months concurrently, for a total of 18 months backtime.
>
> – 6 months for violation of condition #1, leaving the district without permission, Evidence relied on: your admission. Reasons: violations established. Declared delinquent by the Board.
>
> – 18 months for the offense of Possession of

3

>     a Controlled Substance
>     Evidence relied on: certified copy of court
>     record proving conviction. Your
>     acknowledgment of conviction.
>     Reason: Conviction in a court of record
>     established.
>
>     While confined, you must comply with the institutions
>     prescriptive program requirements and have no
>     misconducts. You must participate in drug and
>     alcohol counseling.
>
>     Review in or after December 2009.
>
>     If you wish to appeal this decision, you must file a
>     request for administrative relief with the Board
>     within thirty days of this order. This request shall
>     set forth specifically the factual and legal basis
>     for the allegations, see 37 PA Code Sec. 73. You
>     have the right to an attorney in this appeal and in
>     any subsequent appeal to the Commonwealth Court.

(Doc. 11, Ex. A, Att. 7, Notice of Board Decision). The Board also recalculated Miller's parole violation maximum date of October 3, 2006, to his new maximum date of October 9, 2010. (Doc. 11, Ex. A, Att. 8, Order to Recommit).

On October 12, 2008, Miller filed a request for administrative review with the Board, objecting to his recomputed maximum sentence date of October 9, 2010. (Doc. 11, Ex. A, Att. 9, Request for Review). Specifically, Miller argued that his maximum date should be reduced by 150 days during which he was incarcerated on the detainer. Id.

4

By Notice of Board Decision mailed December 17, 2008, the Board found the following:

> As recorded on December 17, 2008, the Board of Probation and Parole rendered the following decision in your case:
> Modify Board action of 9/12/2008 to now read:
>
> Recommit to a state correctional institution as a technical parole violator to serve 6 months backtime, and as a convicted parole violator to serve 12 months concurrently, for a total of 12 months backtime.
>
> – 6 months for violation of condition #1, leaving the district without permission, Evidence relied on: your admission.
> Reasons: violations established. Declared delinquent by the Board.
>
> – 12 months for the offense of Possession of a Controlled Substance
> Evidence relied on: certified copy of court record proving conviction. Your acknowledgment of conviction.
> Reason: Conviction in a court of record established.
>
> While confined, you must comply with the institutions prescriptive program requirements and have no misconducts. You must participate in drug and alcohol counseling.
>
> Review in or after June 2009.
>
> If you wish to appeal this decision, you must file a request for administrative relief with the Board within thirty days of this order. This request shall set forth specifically the factual and legal basis for the allegations, see 37 PA Code Sec. 73. You

>have the right to an attorney in this appeal and in any subsequent appeal to the Commonwealth Court.

(Doc. 11, Ex. A, Att. 10, Notice of Board Decision). Although the Board modified Miller's recommitment period from 18 months to 12 months, it maintained Miller's parole violation maximum date of October 29, 2010. Id.

On December 23, 2008, the Board responded to Miller's counseled request for administrative relief with the following:

>This is in response to your administrative appeal received October 3, 2008, which objects to the Board decision mailed September 18, 2008. In addition, because you represent Mr. Miller in this matter, his attempt to file a pro se appeal cannot be accepted and is being forwarded to you with this response. Specifically, you object to the 18-month recommitment period and you allege that the Board failed to give Mr. Miller credit for all time served exclusively on the Board's warrant.
>
>To the extent you object to the 18-month recommitment period, your appeal is dismissed as moot. On December 17, 2009, the Board mailed a decision that modified the revocation decision mailed September 18, 2008 by changing the recommitment period imposed for Possession of a Controlled Substance from 18 months to 12 months. This change reflects the appropriate range for a second offense of possession of a controlled substance under 37 Pa.Code § 75.2.

> To the extent you allege that the Board failed to give Mr. Miller appropriate credit, your appeal is denied. You do not allege that Mr. Miller is entitled to any specific period of credit and a review of the record reflects that he received appropriate credit from the Board. For your reference, a copy of Mr. Miller's PBPP 39 is enclosed.
>
> Accordingly, the Board decision mailed September 18, 2008 has been REVERSED in regards to the 18-month recommitment period and AFFIRMED in regards to the October 29, 2010 max date.

(Doc. 11, Ex. A, Att. 11, Appeal Decision).

On January 6, 2009, Miller filed a petition for review in the Commonwealth Court, challenging the Board's recalculation of his maximum sentence date and failure to give him 175 days of credit for pre-sentence confinement on his new criminal charges. (Doc. 11, Ex. B, Miller v. Pa. Bd. of Prob. and Parole, Docket No. 49 CD 2009, copy of docket sheet).

On June 18, 2009, the Commonwealth Court affirmed the Board's decision to recalculate Miller's maximum sentence date of October 29, 2010. (Doc. 11, Ex. C, Opinion).

On July 20, 2009, Miller filed a petition for allowance of appeal of the Commonwealth Court's decision to

the Pennsylvania Supreme Court. (Doc. 11, Ex. B, <u>Miller v. Pa. Bd. of Prob. and Parole</u>, Docket No. 49 CD 2009, copy of docket sheet).

By Order dated December 17, 2009, the Pennsylvania Supreme Court denied Miller's petition for allowance of appeal. (Doc. 11, Ex. D, Order).

On March 25, 2010, Miller filed the instant action in which he seeks credit for his pre-sentence detention on his New York criminal charges.

**Discussion**

It is well-settled that "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." <u>Greenholtz v. Inmates of Nebraska Penal & Correctional Complex</u>, 442 U.S. 1, 7 (1979); <u>see also</u> <u>Rauso v. Vaughn</u>, 79 F. Supp.2d 550, 551 (E.D. Pa. 2000)(the federal Constitution does not create an entitlement to parole). Furthermore, it has been held that the Pennsylvania parole statute does not create a liberty interest in the right to be paroled. <u>Burkett v. Love</u>, 89 F.3d 135, 139 (3d Cir. 1996); <u>Rodgers v. Parole Agent SCI- Frackville, Wech</u>, 916 F. Supp 474, 476-77 (E.D.

8

Pa. 1996); McCrery v. Mark, 823 F. Supp. 288, 294 (E.D.Pa. 1993). However, the United States Court of Appeals for the Third Circuit has held that:

> [E]ven if a state statute does not give rise to a liberty interest in parole release under Greenholtz, once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons.

Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980). Accordingly, even where a state statute grants discretion to the state parole board to condition or completely deny parole, it may not permit "totally arbitrary parole decisions founded on impermissible criteria." Id. Consequently, a federal court may review a decision by a state parole board for an abuse of discretion. Id. Upon such review, relief will only be available if an applicant can show that parole was arbitrarily denied based on some impermissible reason such as "race, religion, or political beliefs," or that the parole board made its determination based on "frivolous criteria with no rational relationship to the purpose of

9

parole . . . ." Id. at 236 n.2.

In Morrissey v. Brewer, 408 U.S. 471 (1972), the United States Supreme Court addressed a habeas petition filed by a state inmate who alleged that he had not received due process during parole revocation procedures. The Court recognized that a federal court should not upset a decision of a state parole board unless the determination is based on constitutionally impermissible reasons such as race, religion, or ethnicity or rendered in the absence of the following due process protections:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinder as to the evidence relied on and reasons for revoking parole.

Id. at 488-89.

Miller does not allege that he was denied parole on the basis of his race, religion or ethnicity. As previously

10

noted, it has been repeatedly recognized that Pennsylvania state law does not confer its inmates with a legally protected interest in parole eligibility.

To the extent that Miller claims that the Board erred in recalculating his parole maximum date, when, as in the instant action, the Board imposes backtime, it establishes a new parole eligibility date for the parolee. See Krantz v. Com., Pa. Bd. of Probation and Parole, 483 A.2d 1044 (Pa. Cmwlth. 1984). When computing the time yet to be served on the original sentence, the convicted parole violator's street time is added to the original maximum expiration date to create a new maximum expiration date. Palmer v. Pa. Bd. of Probation and Parole, 704 A.2d 195 (Pa. Cmwlth. 1997).

In the instant case, when Miller was released on parole on June 1, 2004, his parole violation maximum date was October 3, 2006, which left 854 days remaining on his sentence. Miller was convicted of new criminal conduct and

as a convicted parole violator[1], he automatically forfeited credit for all the time he spent on parole.[2] On June 27, 2008, the day Miller was released from his New York sentence, he was turned over to the Pennsylvania Deportment of Corrections to begin serving his backtime on his original sentence. Adding 854 days to June 27, 2008, yields a new parole violation maximum date of October 29, 2010. Thus, after recommitting him as a convicted parole violator, the Board properly recalculated Miller's sentence in accordance with Pennsylvania's Prisons and Parole Code.

To the extent that Miller seeks credit for 175 days he spent in pre-sentence confinement on his New York state conviction, in <u>Gaito v. Pa. Bd. of Probation and Parole</u>, 412 A.2d 568, 571 (Pa. 1980), the Pennsylvania Supreme Court held

---

[1] Pursuant to section 6138(a)(1) of the Pennsylvania Prisons and Parole Code, a parolee may be recommitted as a convicted parole violator if the parolee commits any crime punishable by imprisonment, while on parole, for which he is convicted or found guilty. 61 Pa.C.S. § 6138(a)(1).

[2] Pursuant to section 6138(2), a convicted parole violator "shall be given no credit for time at liberty on parole." 61 Pa.C.S. § 6138(2). Upon recommitment as a convicted parole violator, the parolee must serve the remainder of the term which he would have been compelled to serve had he not been paroled with no credit given for street time. <u>Id</u>.

that "if a defendant remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence," and not to his original sentence. Specifically, the Court held:

> If a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited toward his original sentence. If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence.

Gaito, 488 Pa. at 403-404.

In the instant case, there is no record evidence that Miller satisfied the bail requirements of the New York sentencing court to allow him to receive pre-sentence confinement credit on his original Pennsylvania state sentence. Thus, pursuant to Gaito, Miller is not entitled to credit on his original sentence for the 175 days spent in pre-sentence confinement on his New York state sentence, as that time has already been applied to his New York sentence.

Consequently, the petition for writ of habeas corpus will be denied. An appropriate Order accompanies this Memorandum Opinion.

Dated: July 12, 2010

                                       <u>s/Malcolm Muir           </u>
                                       MUIR
                                       United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SEAN MILLER, :
:
      Petitioner : No. 4:CV-10-0647
:
  vs. : (Complaint Filed 03/25/10)
:
PENNSYLVANIA BOARD OF :
PROBATION AND PAROLE, et al., : (Judge Muir)
:
      Respondents :

### ORDER

July 12, 2010

For the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is **DENIED.**

2. The Clerk of Court is directed to **CLOSE** this case.

3. There is no basis for the issuance of a certificate of appealabilty. See 28 U.S.C. § 2253(c).

                                  s/Malcolm Muir
                                  MUIR
                                  United States District Judge